No. 9983.
Orleans Appeal.

THOS. McMAHON v. E. L. KUSSMAN, Appellant.

(May 11, 1925, Opinion and Decree.)
(Rehearing Refused June 8, 1925)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Builders and Buildings—Par. 25.**

In a building contract imperfectly executed the measure of damages is the increased price it has cost the owner to do it well.

Appeal from First City Court, Hon. Leon L. Labatt, Judge.

This is a suit for repairs made to a building.

Judgment for plaintiff. Defendant appealed.

Judgment amended and affirmed.

Fred. G. Veith, attorney for plaintiff and appellee.

Theo. H. McGiehan, attorney for defendant and appellant.

CLAIBORNE, J. The plaintiff, a contractor, averred that he made two contracts in writing with the defendant, as follows:

"1. To put new 4x6 gutters and pipes on above properties for the sum of $140, the same to be Amico ingot iron, and a first-class job.
"2. To clean off, paint, calcimine and varnish the interior of _____ Tulane Ave., in colors to suit owner, for $85.00, etc."

1st. That the plaintiff has completed the first contract for which defendant has paid $45.75 on account of the materials used for the gutters, leaving a balance due of $94.25.

2nd. That the plaintiff has partly executed the second contract; that the work done by him is worth $35—making a total

due him, on both contracts, of $129.25, for which he prays for judgment.

In answer to the claim for the gutters the defendant avers that the new gutters were not properly put up; were not riveted; were not soldered; short lengths of pipe and guttering were used instead of long lengths; the gutters were not fastened to the house in a workmanlike manner, so that the rain drips between the exterior of the house and gutters instead of dripping into the gutters.

In answer to the second contract for painting the defendant avers that the plaintiff proceeded to do the work in a very unworkmanlike manner; that part of the work to be done with enamel was being done with inferior material, which plaintiff refused to remedy upon defendant's remonstrance and quit the job; that owing to plaintiff's delay defendant could not rent the premises during one month and thereby lost $30 which he claims in reconvention.

There was judgment for plaintiff as prayed for and defendant has appealed.

The record contains 54 pages of the testimony of nine witnesses. A recital of their testimony would serve no useful purpose.

1st. Our conclusions are that the trouble with the gutter, which was not a hanging gutter but a square gutter 4x6, was that it was only nailed to the rafters instead of being flashed under the slates as it should have been to make a first-class job. But in order to do that it would have been necessary to remove two rows of slates on the eaves of the roof. The plaintiff testifies that he "pointed that out to the lady, and that it would cost more money". But the trouble could have been remedied at slight cost by slipping pieces of tin under the slates. It does not appear that plaintiff attempted any remedy or spent any money on that account.

Plaintiff is therefore entitled to recover the balance due him for the gutters, say the sum of $94.25.

2nd. But the plaintiff does not pretend that he fulfilled his painting contract. He says, however, that he did a part of it which he alleges is worth $35. In his testimony he values it at $31. Calcimining two rooms and varnishing two. But several witnesses testify that the work was so badly done that it had to be done over again. The plaintiff had not cleaned off the walls as he had contracted to do. A witness, a painter, who was employed to go over the work the plaintiff had contracted to do, says he went over it and that he charged the defendant $80. Therefore defendant owes the plaintiff the difference of $5. There is no evidence that the painting would have been concluded sooner had plaintiff performed his contract. Defendant is therefore not entitled to rent.

It is therefore ordered that the judgment in favor of the plaintiff be reduced from One Hundred and Twenty-four 25-100 Dollars to Ninety-nine 25-100 Dollars, and as thus amended, that it be affirmed. The costs of appeal to be paid by the plaintiff and appellee.